**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

**ANTONIO D. DAVIS,**
        **Plaintiff,**

                **Vs.**                                **Case #2:07-cv-574-MEF**

**RICHARD ALLEN, et al.,**
        **Defendants.**

**SPECIAL REPORT OF**
**DEBORAH STUTTS**

Comes now Deborah Stutts, an Alabama Probation & Parole Officer,

and shows unto the Court as follows:

**The Complaint**

The Complaint alleges that Stutts, in the course of duty as a probation

& parole officer, prepared a presentence investigation (PSI) regarding the

plaintiff after plaintiff was convicted of murder in Jefferson County CC-97-

5660. According to the Complaint, the PSI states that plaintiff "pistol-

whipped" the decedent with such force that part of the gun broke. Again

according to the Complaint, this statement is not true.

The Complaint further alleges that the Department of Corrections

(DOC) relied on this allegedly false information when it classified plaintiff

for security purposes and other administrative purposes. Plaintiff apparently

1

contends that he would have been in a less restrictive security classification if DOC had not relied on this allegedly false statement.

Plaintiff seeks to have the PSI amended.

## DEFENDANT's POSITION

The PSI at issue was written and submitted on or about 22 November 2000. This was the last action Stutts took affecting Plaintiff. More than two years have passed since this event. This action is barred by the statute of limitations.

The challenged DOC classification, according to the Complaint, occurred in April 2004. More than two years passed before this Complaint was filed. This action is barred by the statute of limitations.

Stutts is immune from liability arising from the quasi-judicial function of preparing a presentence investigation, *Hughes vs. Chesser,* 731 F.2d 1489 (11th Cir. 1984.)

The complaint fails to state a substantive due process claim for knowingly relying on false information, *Jones vs. Ray,* 279 F.3d 944 (11th Cir. 2001).

Stutts expressly denies knowing that the challenged statement was false. At the time the challenged report was written, Stutts believed the facts

2

stated therein to be true, and Stutts has no reason to doubt the reliability of the information on which this report was based.

Plaintiff has remedies available under Alabama law to review the challenged actions. However, those remedies are subject to the equitable defense of laches. If Plaintiff has litigated these issues in State court, he failed to serve the Board of Pardons & Paroles with his petition for certiorari review, and the circuit court never made the Board a party to the certiorari proceeding. Alabama law imposes specific procedural requirements for certiorari review. Many petitions are dismissed for failure to comply with §6-6-640, Ala. Code. If his petition was dismissed prior to service, this might be the reason.

This Court does not sit in review of the judicial proceedings of State courts. Neither should it entertain actions seeking routine judicial review of State administrative actions that can be obtained more efficiently by following the procedures established under State law.

## CONCLUSION

It really doesn't matter whether Plaintiff struck the decedent with his fist or with his pistol before shooting and killing him. Any inferences that can be drawn from the facts stated in the challenged PSI can also be supported by the facts stated in the Complaint.

3

The Department of Corrections can legitimately classify Plaintiff at his current security custody level based on his version of the facts. He has not been harmed by the alleged mis-statement.

The Complaint fails to state a claim upon which relief can be granted.

Plaintiff has waited an unreasonable time before challenging these actions. The Complaint is due to be dismissed.


Respectfully submitted,


TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on 8-8-07, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the following: (None), and I hereby certify that

I have mailed by United States Postal Service the document to the following

non-CM/ECF participants:

> **ANTONIO DAVIS**
> **AIS# 212703**
> **DRAPER CORRECTIONAL FACILITY**
> **ELMORE, AL 36025-1107**

Done this 8th day of August, 2007.

> Respectfully submitted,
>
> s/HUGH DAVIS
> DEPUTY ATTORNEY GENERAL
> State Bar#:  ASB-4358-D63F
> Ala. Bd. Pardons and Paroles
> 301 South Ripley Street
> P.O. Box 302405
> Montgomery, Alabama 36130
> Telephone: (334) 242-8700
> Hugh.davis@paroles.alabama.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

**ANTONIO D. DAVIS,**
    **Plaintiff,**

                **Vs.**                                **Case #2:07-cv-574-MEF**

**RICHARD ALLEN, et al.,**
    **Defendants.**

**ANSWER OF
DEBORAH STUTTS**

Comes now Deborah Stutts, an Alabama Probation & Parole Officer,

and shows unto the Court as follows:

1.    Defendant is immune from suit for preparing a presentence

       investigation.

2.    The Complaint fails to state a claim upon which relief can be

       granted.

3.    Plaintiff has failed to plead a colorable claim of a substantive due

       process violation.

4.    Plaintiff has not been deprived of a liberty interest.

5.    This action is barred by the two year statute of limitations.

6.    This action impermissibly seeks to set this court up as a substitute

       for an appellate court to review administrative and judicial

       decisions that are properly best left to the State courts.

7.    This Defendant is not connected with the prison classification decision being challenged.

8.    This Defendant denies the material averments of the Complaint, and demands strict proof thereof.

9.    There is no equity in the Complaint.

10.    Plaintiff has unreasonably delayed filing this Complaint, to the prejudice of this Defendant, in that it would be far more difficult now to ascertain the facts than it would have been to do so if Plaintiff had challenged the accuracy of the investigation six years ago. This action should be barred by laches.

WHEREFORE, premises considered, Defendant urges the Court to dismiss the Complaint.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130

Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 8-8-07, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the following: (None), and I hereby certify that

I have mailed by United States Postal Service the document to the following

non-CM/ECF participants:

**ANTONIO DAVIS**
**AIS# 212703**
**DRAPER CORRECTIONAL FACILITY**
**ELMORE, AL 36025-1107**

Done this 8th day of August, 2007.

Respectfully submitted,

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

**ANTONIO D. DAVIS,**
    **Plaintiff,**

        **Vs.**                        **Case #2:07-cv-574-MEF**

**RICHARD ALLEN, et al.,**
    **Defendants.**

**AFFIDAVIT OF
DEBORAH STUTTS**

Comes now Deborah Stutts, an Alabama Probation & Parole Officer,

and shows unto the Court as follows:

"My name is Deborah Stutts. I am employed by the Alabama Board of Pardons & Paroles as a State Probation & Parole Officer in Birmingham. In my current assignment, my primary responsibility is to prepare investigation reports regarding offenders who have been sentenced to prison.

"On or about September 29, 2000, I received a request for an investigation on Antonio Demetrius DAVIS for case number 01-CC-97-5660. That same date, I ordered a copy of the felony intake and screening sheet from the District Attorney's office.

"On November 7, 2000, my request for a copy of the screening sheet was answered. According to the screening sheet, 'He then goes over to V and begins to pistol-whip him. He does this with such force that part of the pistol breaks off (recovered at scene).'

"On November 22, 2000, I completed the preliminary report. The details of offense were based on the information in the screening sheet provided by the District Attorney. No other information was provided by the District Attorney's office. The report was sent to central office through the proper channels.

1

"At the time I submitted this report, I believed the factual statements contained therein to be true, but did not have first-hand knowledge of those facts. I necessarily relied on sources that I believed and continue to believe to be credible. I do not know that anything contained in that report is untrue.

"On May 3, 2007, I received a request from Board Operations Officer David Jones for a copy of the indictment in this case. That copy was sent to Officer Jones on June 20, 2007. The Central Office reviews the indictment in order to identify the victim who is entitled to notice, pursuant to §15-22-36, Ala. Code, that the prisoner is being considered for parole.

"I have had no other involvement in this matter, other than as detailed above. As noted above, my involvement in the investigation was completed in the year 2000."

Deborah Stutts

Sworn to and subscribed before me, this 2nd day of August, 2007.

Notary Public

2