IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANTONIO D. DAVIS, #212703,          )
                                    )
            Plaintiff,              )
                                    )
      v.                            )      CIVIL ACTION NO. 2:07-CV-574-MEF
                                    )                    [WO]
                                    )
RICHARD ALLEN, et al.,              )
                                    )
            Defendants.             )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Antonio D. Davis ["Daivs"], a state inmate, against Richard Allen, Commissioner of the Alabama Department of Corrections, and Deborah Stutts, an officer employed by the Alabama Board of Pardons and Paroles.  Davis complains the defendants denied him due process in determining his classification level.  As support for his complaint, Davis alleges defendant Stutts placed false information in the Pre-Sentence Investigation Report ["PSI Report"] regarding the facts underlying a murder conviction imposed upon him by the Circuit Court of Jefferson County, Alabama on September 6, 2000.  Specifically, Davis asserts Stutts prepared the PSI Report which "contain[s] untrue and false statements ... that Plaintiff struck the victim with the pistol prior to shooting him."  *Plaintiff's Complaint - Court Doc. No. 1* at 8.  Davis also complains defendant Allen should be held liable for the decision of correctional classification personnel "to deny [Davis] eligibility for ...

minimum custody or lower level placement of institution" based on the alleged false information. *Id.* Davis seeks a declaratory judgment, injunctive relief and monetary damages from the defendants for the alleged violations of his constitutional rights.

The defendants filed special reports supported by relevant evidentiary materials addressing Davis' claims for relief. Pursuant to the orders entered in this case, the court deems it appropriate to treat these reports as motions for summary judgment. *Order of October 16, 2007 - Court Doc. No. 15.* Thus, this case is now pending on the defendants' motions for summary judgment. Upon consideration of such motions, the evidentiary materials filed in support thereof and Davis' response in opposition to the motions, the court concludes that the defendants' motions for summary judgment are due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[1] The party moving

---

[1]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules. These changes ... are stylistic only."

for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine issue of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

In civil actions filed by inmates, federal courts

---

Fed.R.Civ.P. 56 Advisory Committee Notes. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted).  Consequently, to survive the defendants' properly supported motions for summary judgment, Davis is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e)(1), *Federal Rules of Civil Procedure*.  "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted."  *Id*. at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).  Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment.  *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant

of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting

the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In

6

this case, Davis fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## III. DISCUSSION

### A. Eleventh Amendment Immunity

With respect to any claims Davis lodges against defendants Allen and Stutts in their official capacities, they are entitled to absolute immunity from monetary damages. Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his [or her] official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900,  908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996).  Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11ᵗʰ Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11ᵗʰ Cir. 1997); *Hughes v. Chesser*, 731 F.2d 1489, 1490 (11ᵗʰ Cir. 1984) (The absolute immunity from a civil suit for damages extended in *Spaulding v. Nielsen*, 599 F.2d 728, 729 (5ᵗʰ Cir. 1979) "to a federal probation officer [for the preparation of and submission of a pre-sentence report in a criminal case is] equally applicable to a state

probation officer.").

In light of the foregoing, it is clear that the defendants are state actors entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994). Thus, defendants Allen and Stutts are entitled to absolute immunity from those claims for monetary relief presented against them in their official capacities. *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

## B. Respondeat Superior - Commissioner Richard Allen

Upon review of the complaint, it is clear that defendant Allen is sued solely due to his position as Commissioner of the Alabama Department of Corrections. However, the law is well settled that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999), citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of subordinates/employees under either a theory of respondeat superior or vicarious liability); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Florida*, 402 F.3d

8

1092, 1115-1116 (11ᵗʰ Cir. 2005) (a prisoner simply cannot rely on theories of vicarious liability or respondeat superior to establish liability). Thus, defendant Allen is liable in the present cause of action only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11ᵗʰ Cir. 2003) (citation omitted).

Davis does not allege that defendant Allen personally participated in decisions regarding his classification. Additionally, it is undisputed that defendant Allen is not involved in the inmate classification process. Moreover, Davis fails to present any facts which indicate a causal relationship between an action undertaken or policy enacted by defendant Allen and the alleged constitutional deprivation. A supervisory official "may be liable only for implementing a policy that is 'itself [ ] a repudiation of constitutional rights' and 'the moving force of the constitutional violation.' *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5ᵗʰ Cir.1985)." *Oliver v. Scott*, 276 F.3d 736 (5ᵗʰ Cir. 2006). Consequently, the claims lodged against defendant Allen lack an arguable basis in law and are therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] Additionally, as determined below, Davis is entitled to no relief from this court on his false information

---

[2]Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

claim.[3]

## C.  The False Information Claim

Davis asserts defendant Stutts placed false information in his Pre-Sentence Investigation Report indicating that he repeatedly struck the victim with a pistol prior to shooting the victim in the head.  *Plaintiff's Complaint - Court Doc. No. 1* at 8.  Davis contends classification personnel relied on the information contained in the aforementioned report to deny him a less restrictive custody classification.  *Id.*  It is undisputed that classification officials relied on the information contained in the pre-sentence report during the classification process.  However, the defendants do not admit the information actually utilized in the decision-making process is false and deny any knowing reliance on false information when making the challenged classification decisions.  *Defendant Stutts' Exhibit B (August 2, 2007 Affidavit of Deborah Stutts) - Court Doc. No. 9-3* at 2 ("At the time I submitted this report [in November of 2000], I believed the factual statements contained therein to be true, but did not have first-hand knowledge of the those facts.  I necessarily relied on sources that I believed and continue to believe to be credible.  I do not know that anything contained in that report is untrue.").

In *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the Court held that reliance

---

[3]Although defendant Allen argues the claim against him is barred by the doctrines of collateral estoppel and res judicata, the state case on which he relies was dismissed without prejudice by the Circuit Court of Montgomery County, Alabama.  *Exhibit 2 to the October 15, 2007 Special Report of Defendant Allen - Court Doc. No. 14-3* at 3.  Moreover, there is no indication in the record of this case that the state court addressed the merits of Davis' claim in issuing the order of dismissal.  Thus, this court deems it inappropriate to bar the instant case of action under either collateral estoppel or res judicata.

on ***admittedly false information*** to deny a prisoner consideration for parole was arbitrary and capricious treatment violative of the Constitution.   The appellate court carefully distinguished the *Monroe* holding from its prior decision in *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir.), *cert. denied*, 459 U.S. 1043 (1982).

> Our holding today does not conflict with our earlier holding in *Slocum*, *supra*. In *Slocum*, the plaintiff, who had been denied parole, made the conclusory allegation that the Board must have relied upon erroneous information because otherwise the Board would surely have granted him parole.  *Slocum*, 678 F.2d at 941. The plaintiff then sought to assert a due process right to examine his prison file for the alleged errors.  Unlike the instant case, in *Slocum* the state did not admit that it had relied upon false information in denying parole nor did the plaintiff present any evidence that his prison file even contained any false information. We held in *Slocum* that prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration.  *Id.* at 942. We also determined that prisoners do not have a due process right to examine their prison files as part of a general fishing expedition in search of false information that could possibly exist in their files.  *Id.* In the case at bar, we are confronted with prison authorities who admit that information contained in Monroe's files is false and that they relied upon such information, at least in part, to deny Monroe parole and to classify him as a sex offender. As we stated, the parole statute does not authorize state officials to rely on knowingly false information in their determinations. *Thomas [v. Sellers]*, 691 F.2d [487] at 489 [(11th Cir. 1982)].

*Monroe*, 932 F.3d at 1442.

   *Slocum* controls the disposition of the instant case.  Defendant Stutts maintains that the information she relied on at the time she prepared the Pre-Sentence Investigation

11

Report was correct and, to her knowledge, the information contained in such report remains accurate.  Moreover, there is no evidence before the court that classification personnel relied on information they knew to be false during any stage of the classification process. Specifically, there is no admission by either defendant that the information utilized in denying Davis a lower custody classification is false, incorrect or erroneous.  The record in this case therefore establishes that neither defendant Stutts nor correctional  personnel relied on ***admittedly*** false information.  In light of the foregoing, the plaintiff is entitled to no relief as a matter of law and summary judgment is due to be granted in favor of the defendants on his false information claim.

### D.  Custody Classification

To the extent Davis maintains he is entitled to placement in a lower custody classification because he meets the eligibility criteria for such classification,  he is entitled to no relief as an inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Francis v. Fox*, 838 F.2d 1147 (11th Cir. 1988); *Jones v. Diamond,* 594 F.2d 997 (5th Cir. 1979).

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

12

1. The defendants' motions for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before September 9, 2009 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

13

DONE this 27th day of August, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE